UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br><br>Plaintiff,<br><br>-against-<br><br>COLONY INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by and through its undersigned counsel, as and for its Complaint for Declaratory Relief against Defendant, Colony Insurance Company ("Colony"), alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. Travelers is seeking resolution of several issues associated with the defense of Benchmark Builders LLC ("Benchmark"), Brookfield Properties LLC ("Brookfield"), BOP NE LLC, BOP NE Retail LLC, and W.P. Carey, Inc. (collectively "the Additional Insureds") in actions entitled *Jacinto R. Squicela v. Brookfield Properties LLC, et al* in the Supreme Court of the State of New York, New York County, Index No 154296/2023 and *Jacinto R. Squicela v. W. P. Carey & Co., Inc and W.P. Carey, Inc.* in the Supreme Court of the State of New York, New York County, Index No 155382/2023 (the "Underlying Actions"), together with pursuit of Benchmark's Third-Party Complaint against Hallen Welding Services, Inc. ("Hallen") filed in the *Jacinto R. Squicela v. Brookfield Properties, LLC, et al* matter (the "Third-Party Complaint").

2. In the instant action, Travelers seeks a declaration that Colony owes a duty to defend the Additional Insureds on a primary and non-contributory basis, that Colony's duty to defend includes the prosecution of Benchmark's Third-Party Complaint against Hallen through

1

appointment of separate defense counsel and claim professional for Benchmark, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of the Additional Insureds.

## **THE PARTIES**

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, and at all times relevant hereto, Colony is a Virginia corporation with its principal place of business in Richmond, Virginia.

5. Based upon the foregoing information, Travelers is a corporate citizen of the State of Connecticut, while Colony is a corporate citizen of the State of Virginia.

## **JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. In the Underlying Actions, Jacinto R. Squicela ("Claimant") seeks recovery for alleged personal injuries sustained in an accident that took place on October 9, 2020 at 401 9th Avenue in New York City. The purported value of the Underlying Action exceeds $75,000.00.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

9. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Colony.

10. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

11. Colony issued a general liability insurance policy to Hallen bearing policy number 103GL0022649-02 for the policy period March 14, 2020 to March 14, 2021 (the "Colony Policy").

12. Subject to certain terms, conditions, and exclusions, the Colony Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. The Colony Policy contains the following endorsement:

**ADDITIONAL INSURED-OWNERS, LESSEES OR CONTRACTORS-SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**Name of Additional Insured Person(s) Or Organization(s)**
All persons or organizations as required by written contract with the Named Insured

\*\*\*

    A. **Section II-Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

        1. Your acts or omissions; or
        2. The acts or omissions of those acting on your behalf;

    in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

14. Upon information and belief, the Colony Policy states that the additional insured coverage provided to each of the Additional Insureds under the Colony Policy applies on a primary and non-contributory basis.

15. Travelers issued a general liability insurance policy to Benchmark bearing policy number DT-CO-9N893105-TIL-20 for the policy period July 1, 2020 to July 1, 2021 (the "Travelers Policy").

16. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

17. The Travelers Policy contains an excess "other insurance" provision which provides that coverage under the Travelers Policy is excess over any other insurance available to an insured when the insured has been added as an "additional insured" on another policy.

## BACKGROUND FACTS

18. In the Underlying Actions, Claimant alleges he was injured when a Hallen-constructed scaffolding toppled over onto the Claimant at a construction project located at 401 9th Avenue in New York City ("the Premises"). Under the terms of a February 23, 2012 Subcontractor Master Agreement and the June 22, 2020 Purchase Order between between Benchmark and Hallen, Hallen agreed to maintain commercial general liability insurance Naming the Additional Insureds as additional insureds on a primary and non-contributory basis.

19. In the Underlying Action, the Claimant asserts causes of action against the Additional Insureds seeking to recover for injuries based on theories of negligence.

20. Travelers is defending Benchmark and the Additional Insureds in connection with the Underlying Action.

21. In the Underlying Action, the Claimant seeks to impose liability on Benchmark and the Additional Insureds for alleged bodily injury which arose out of the acts or omissions of Hallen or those acting on Hallen's behalf.

22. Based upon the terms and the condition of the Agreement and the Colony Policy, the Additional Insureds are entitled to primary, non-contributory additional insured coverage under the Colony Policy with respect to the Underlying Actions.

## TENDERS TO COLONY

23. By correspondence or emails dated November 13, 2020, May 23, 2023, March 6, 2024 and June 3, 2024, Travelers tendered the defense and indemnity of the Additional Insureds in the Underlying Actions to Colony.

24. While Colony has accepted Travelers' tenders on behalf of the Additional Insureds WP Carey Inc., BOP NE LLC, and Benchmark, but not BOP NE Retail LLC or Brookfield Properties LLC. Colony has conditioned its acceptance on a dismissal of Benchmark's Third Party Complaint against Hallen which is necessary due to the potential excess exposure of Benchmark above the Colony Policy. Colony further insists upon a consolidation of the defense of the Additional Insureds with that of Hallen with counsel previously retained to defend Hallen.

25. Colony has also refused to retain separate counsel and a separate claims representative to represent Benchmark's interest in pursuit of the Third-Party Complaint.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

26. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "25" above as if fully set forth herein.

27. The Additional Insureds qualify as additional insureds under the Colony Policy.

28. The coverages provided to the Additional Insureds under the Colony Policy are primary to, and non-contributory with, any coverage provided to the Additional Insureds by the Travelers Policy.

29. Accordingly, Travelers seeks a declaration that Colony has an obligation to defend and indemnify the Additional Insureds as additional insureds under the Colony Policy; that the coverages provided by the Colony Policy to the Additional Insureds are primary; and that the obligations of Travelers to the Additional Insureds in the Underlying Actions are excess to proper exhaustion and full payment of the limits of the Colony Policy; and that Colony must retain separate counsel and a separate claims representative to protect Benchmark's interest in pursuit of the Third-Party Complaint.

30. In addition, Travelers seeks an award at law and in equity against Colony for recovery of all sums Travelers paid in the defense of the Additional Insureds in the Underlying Actions because the coverages provided by the Colony Policy are primary to any coverage provided by Travelers.

## **PRAYER FOR DECLARATORY RELIEF**

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the Colony Policy was in full force and effect on the date of injury alleged by Claimant in the Underlying Actions.

2. Declaring that all terms and conditions of the Colony Policy have been met.

3. Declaring that the Underlying Actions and the alleged accident upon which they are based fall within the coverage afforded by the Colony Policy;

4. Declaring that the Additional Insureds are additional insureds under the Colony Policy with respect to the Underlying Actions;

5. Declaring that Colony's coverage obligations to the Additional Insureds with respect to the Underlying Actions are primary;

6. Declaring that the obligations of Travelers to the Addition Insureds with respect to the Underlying Actions are excess to any obligations of the Colony Policy;

7. Declaring that Colony must retain separate counsel and a separate claims representative on behalf of Benchmark with respect to Benchmark's pursuit of the relief sought in the Third-Party Complaint.

8. Awarding judgment against Colony in an amount equal to the sums that Travelers incurred in defending the claims against the Additional Insureds in the Underlying Actions;

9. Granting an award in favor of Travelers for the costs of suit incurred herein;

10. Granting Travelers a compulsory order/injunctive relief requiring Colony to assume and pay for the Additional Insureds' defense in the Underlying Actions, with this order deemed enforceable by future contempt motions; and

11. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 25, 2025

**RESPECTFULLY SUBMITTED:**

**USERY & ASSOCIATES**

By: ____/s/Michael E. Buckley_____
Michael E. Buckley
Attorneys for Plaintiff
Travelers Property Casualty Company of America
Main: 917.778.6680
Fax: 844.571-3789
Email: mbuckle4@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address</u>:
485 Lexington Avenue, 6th Floor
New York, NY 10017