```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

                Plaintiff,

-v.-

COLONY INSURANCE COMPANY,

                Defendant.

25 Civ. 2455 (JHR)

ORDER

---

JENNIFER H. REARDEN, District Judge:

      Plaintiff Travelers Property Casualty Company of America brings this action against Defendant Colony Insurance Company "seek[ing] a declaration that Colony owes a duty to defend the Additional Insureds on a primary and non-contributory basis, that Colony's duty to defend includes the prosecution of Benchmark's Third-Party Complaint against Hallen through appointment of separate defense counsel and claim professional for Benchmark, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of the Additional Insureds." *See* ECF No. 1 (Compl.) ¶ 2.  The Complaint invokes the Court's diversity jurisdiction.  *See Id.* ¶ 6; 28 U.S.C. § 1332.  With respect to the amount-in-controversy requirement, the Complaint alleges only an "amount[] in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201."  Compl. ¶ 6; *see also id.* ¶ 7 ("The purported value of the Underlying Action exceeds $75,000.00."); ¶¶ 12-17 (detailing policy terms and averring that "the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident").

      That allegation does not suffice.  "Where a party seeks declaratory relief, . . . 'the amount in controversy is measured by the value of the object of the litigation.'" *Lighton Industries, Inc. v. Allied World Nat'l Assurance Co.*, 348 F. Supp. 3d 167, 181 (E.D.N.Y. 2018).  Where, as here,

the declaratory relief sought pertains to "the applicability of an insurance policy, . . . the jurisdictional amount in controversy is measured by [reference to] the value of the underlying claim." *Scottsdale Ins. Co. v. Acceptance Indemnity Ins. Co.*, No. 19 Civ. 7294 (RA), 2019 WL 6498316, at *3 (S.D.N.Y. Dec. 3, 2019) (internal quotation marks omitted); *accord Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20 Civ. 150 (ALC), 2021 WL 4427016, at *4 (S.D.N.Y. Sept. 27, 2021) (internal quotation marks omitted) ("In an action for declaratory relief involving the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy).”

Averring only that "[t]he purported value of the Underlying Action exceeds $75,000.00," Compl. ¶ 7, the Complaint is devoid of allegations sufficient to "show that there is 'a reasonable probability that the claim is in excess of [$75,000].'" *Union Mut. Fire Ins. Co. v. Morningstar Richmond LLC*, 2023 WL 8003333, at *1 (E.D.N.Y. Nov. 17, 2023) (quoting *United Food & Comm. Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994)). Absent allegations regarding the "cost of defending the underlying action and indemnifying [Plaintiff] from the underlying claim," "the Court only can speculate" that the amount in controversy "exceed[s]" $75,000, "which is impermissible." *Id.* at *2.

Accordingly, it is hereby ORDERED that, on or before **May 19, 2025**, Plaintiff shall file an affidavit that adequately alleges the amount-in-controversy jurisdictional prerequisite. If, by that date, Plaintiff is unable to truthfully and plausibly allege that diversity jurisdiction is proper,

then **the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party**.

       SO ORDERED.

Dated: May 12, 2025
       New York, New York

                                                       JENNIFER H. REARDEN
                                                       United States District Judge